# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-346 (JRT/DTS) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Dontaineun Javon Cain (1), | |
| Defendant. | |

Defendant Dontaineun Javon Cain moves to dismiss the indictment pending against him, arguing the sole count violates the Second Amendment to the United States Constitution. Dkt. No. 48. The indictment charges Cain with being an armed career criminal in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Dkt. No. 1. Cain argues the statutes are facially unconstitutional,[1] in light of the recent Supreme Court case, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Court disagrees and recommends Cain's motion be denied.

The Second Amendment protects the right to keep and bear arms. U.S. Const. amend II. However, this right is not absolute. *See Bruen*, 597 U.S. at 70. The United States can regulate firearms by "demonstrat[ing] that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17. Applying this test, the Eighth Circuit has upheld the constitutionality of Section 922(g)(1). *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) ("Congress acted within the historical tradition when it

---

[1] Cain also purports to bring an as-applied challenge to the indictment but does not raise any arguments as to why or how Sections 922(g)(1) and 924(e) do not constitutionally apply based on the specific facts of his case.

enacted § 922(g)(1) and the prohibition on possession of firearms by felons.")[2]; *see also United States v. Kelley,* Crim. No. 23-267, 2024 WL 264588, at *1 (D. Minn. Jan. 24, 2024) (finding constitutional challenges to Section 922(g)(1) foreclosed by Eighth Circuit precedent). Because the Eighth Circuit has found Section 922(g)(1) valid under the Second Amendment, the Court recommends Cain's motion be denied.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT Defendant's Motion to Dismiss the Indictment [Dkt. No. 48] be **DENIED**.

Dated: March 25, 2024                                   \_\_\_\_s/David T. Schultz_____
                                                                           DAVID T. SCHULTZ
                                                                           U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

---

[2] While *Jackson* considered an "as-applied challenge," the Eighth Circuit confirmed that Section 922(g)(1) is facially constitutional following *Bruen*. *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) ("[T]here is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant. The longstanding prohibition on possession of firearms by felons is constitutional.").